Case 4:13-cr-00575 Document 278 Filed in TXSD on 10/13/16 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 13, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. H-13-575-01&05 |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-1898 |
| ALEXANDER S. SELLERS and | § | CIVIL ACTION NO. H-16-1922 |
| KEELAND DURALLE WILLIAMS | § | |

### MEMORANDUM OPINION AND ORDER

Codefendants, Alexander S. Sellers and Keeland Duralle Williams, have filed motions under 28 U.S.C. § 2255 to vacate, set aside, or correct their sentences. (Docket Entry No. 236 and No. 238)[1] Pending before the court is the United States' Motion to Dismiss § 2255 Motions (Docket Entry No. 271).

On November 25, 2013, Sellers and Williams (along with other codefendants) were charged in a Superseding Indictment with three counts: Count One alleged aiding and abetting aggravated bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), & 2; Count Two alleged aiding and abetting the carrying and brandishing of a firearm during and in relation to a crime of violence (bank robbery), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2; and Count Three alleged conspiracy to carry or brandish a firearm

---

[1]Docket Entry citations are to relevant docket entries in Crim. No. 4:13-575.

during and in relation to a crime of violence (bank robbery), in violation of 18 U.S.C. § 924(o). (Docket Entry No. 55) Sellers and Williams pleaded guilty to Counts One and Two pursuant to written Plea Agreements (Docket Entry No. 96 (Sellers) and No. 104 (Williams)). On August 28, 2014, the court sentenced Sellers to 110 months in prison (26 months on the bank robbery charge and a consecutive term of 84 months on the § 924(c) charge) (Docket Entry No. 163); and sentenced Williams to 154 months in custody (70 months on the bank robbery charge and a consecutive term of 84 months on the § 924(c) charge) (Docket Entry No. 159). Both defendants received five-year terms of supervision. Neither defendant appealed. (§ 2255 Motions, Docket Entry No. 236, p. 1 and No. 238, p. 2)

Sellers filed an undated motion under 28 U.S.C. § 2255 to vacate his conviction and sentence, which the District Clerk docketed on June 27, 2016. (Docket Entry No. 236) Williams signed a similar motion on June 21, 2016, which the district court docketed on June 27, 2016. (Docket Entry No. 238) Both Sellers and Williams challenge their convictions under 18 U.S.C. § 924(c), asserting that after Johnson v. United States, 135 S. Ct. 2551 (2015), the convictions are unconstitutional.

A motion filed under 28 U.S.C. § 2255 is subject to a one-year statute of limitations, which ordinarily begins running on the date the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Because Sellers and Williams did not file notices of appeal, their

-2-

convictions became final fourteen days after entry of the judgments of conviction on September 2, 2014. Fed. R. App. P. 4(b)(1)(A)(ii). Accordingly, the statute of limitations on Sellers' and Williams' § 2255 motions expired on September 16, 2015. Because Sellers and Williams did not file the present § 2255 motions within that one-year limitations period, their motions are untimely and subject to dismissal.[2]

Sellers and Williams argue that their § 2255 motions are timely under 28 U.S.C. § 2255(f)(3) because they filed the motions within one year of Johnson. See Document Entry No. 236, p. 10 and No. 238, p. 11. Section 2255(f)(3) provides that the one-year limitations period shall run from the latest of -- "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . ."

In Johnson the Supreme Court held that the residual clause definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.[3] 135 S. Ct. at 2563. In Welch v. United States, 136 S. Ct.

---

[2]Neither Sellers nor Williams argues that the statute of limitation should be equitably tolled.

[3]The ACCA imposes a mandatory minimum sentence of fifteen years in prison on defendants (1) who are convicted of unlawfully possessing a firearm, in violation of 18 U.S.C. § 922(g)(1), and (2) who have at least three prior convictions for a violent felony, a serious drug offense, or both. 18 U.S.C. § 924(e)(1).

1257, 1268 (2016), the Court held that Johnson applies retroactively to cases on collateral review. Because neither Sellers nor Williams was convicted for unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g), the ACCA is not at issue in this case. Instead, Sellers and Williams challenge their convictions under 18 U.S.C. § 924(c) for aiding and abetting the carrying and brandishing of a firearm during and in relation to a crime of violence.

Section 924(c) proscribes the use or carrying or brandishing of a firearm during or in relation to a drug trafficking crime or a crime of violence, or the possession of a firearm in furtherance of a drug trafficking crime or a crime of violence. 18 U.S.C. § 924(c)(1)(A). The definition of "crime of violence" in § 924(c)(3) includes a residual clause that is different from the residual clause definition of violent felony held unconstitutional in Johnson. Compare 18 U.S.C. § 924(c)(3)(B) with 18 U.S.C. § 924(e)(2)(B)(ii). Sellers and Williams argue that their § 924(c) convictions are no longer valid because under Johnson the residual clause definition of "crime of violence" in § 924(c)(3)(B) is unconstitutional. In United States v. Gonzalez-Longoria, ___ F.3d ___, 2016 WL 4169217 (5th Cir. Aug. 5, 2016) (en banc), the Fifth Circuit held that 18 U.S.C. § 16(b), which contains the same definition of "crime of violence" as § 924(c)(3)(B), is not unconstitutionally vague. Sellers' and Williams' arguments therefore have no merit, and their § 2255 motions are not timely.

-4-

Because the § 2255 motions filed by Sellers and Williams are time-barred, the United States' Motion to Dismiss § 2255 Motions (Docket Entry No. 271) is **GRANTED**, and Sellers' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 236) and Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 238) are **DENIED**.

**SIGNED** at Houston, Texas, on this 13th day of October, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE